SOUTHWICK, P. J.,
for the Court.
¶ 1. The appellees in this litigation were found to have title to certain real property through adverse possession. On appeal, the appellants argue that the requirements of such possession were not met. We agree. Therefore, the judgment is reversed and the cause is remanded.
¶2. The property over which this contest swirls is an easement for ingress and egress. The dominant and servient estates for that easement are referred in the record by the shorthand of their numbered addresses on Crescent Lake Road. The owners, with an approximate one-acre tract that does not front on the road, are appellants Eileen Tucker and Loretta G. Read, whose parcel is known as the “290A” property. Tucker alone owns an adjacent parcel of about the same size known as the “290B” property. Sole access to Crescent Lake Road for these parcels is by a driveway that proceeds northwesterly from the tracts’ common boundary across the eastern edge of a tract owned by the appellees Ronnie Calvin Long and Alice E. Henley. *1065 That tract, with frontage on the road, is called the “290” property. The driveway straddles the boundary between the Long-Henley 290 property and land owned by the Jenkins family to the east. The Jenkins are not parties to this suit.
¶ 3. In 1973, the landlocked 290A property was deeded to Nancy Eileen Read Tucker and her husband Robert. An easement described by courses and distances was specifically conveyed as well. This is the easement at issue in the case. The description is of an easement 170 feet in length and twenty feet in width. Evidence at trial revealed that the individuals who in 1986 became the owners of the 290 parcel across which the easement ran have in recent years been encroaching on the described easement, though access was not blocked. There is in the record a 1977 quit claim deed from the Tuckers conveying the 290 parcel, the tract which fronted on the road. The source of their title to the servient estate does not appear. The Tuckers conveyed the tract to individuals not involved in this litigation and did not reserve the easement to the 290A parcel. Through various conveyances this 290 tract — the one that fronts the road — became owned in 1986 by Long and Henley. None of the deeds to the 290 parcel beginning in 1977 referred to the easement that burdened that land.
¶ 4. By 1996, the landlocked 290A parcel was owned by Michael and Tammy Tucker. They wished to acquire a loan using this land as security. At that time, a question was raised about the legal right to access Crescent Lake Road across parcel 290. That question existed because Michael Tucker’s parents, Robert and Eileen Tucker, had not reserved an easement for the 290A parcel when in 1977 they quitclaimed the 290 parcel to Long and Henley. In 1996, there was recorded in the deed records a non-exclusive easement purportedly executed by Long and Henley that was granted to Michael and Tammy Tucker, using the same easement description as in the 1973 deed of the 290A parcel. Long and Henley deny having executed that instrument. The chancellor found on contested evidence that the document was authentic. Some of the land described in the easement was not owned by Long and Henley, as previously noted. Instead, the easement straddled their eastern boundary and the western boundary of land owned by Jenkins. Again, however, this case only addresses the possible encroachment onto the part of the easement which is on property owned by Long and Henley. We note that the 1996 grant of a non-exclusive easement did not refer to a dominant estate; it merely described the easement property and granted ingress and egress rights to Michael and Tammy Tucker. The grant was nonetheless called “perpetual” and not personal.
¶ 5. Some additional facts are needed to set the stage. Parcel 290A is now owned by Nancy Eileen Tucker and Loretta G. Read. The 290B parcel, immediately to the east of the 290A tract and to which the easement also provides access, was conveyed to Eric and Loretta Read in 1974. The grantors were Robert and Nancy Eileen Tucker. Also conveyed was the “right to use jointly with, the Grantors the Grantors’ easement for ingress and egress which was conveyed to the Grantors.” Loretta Read, described as a widow, conveyed Parcel 290B to Nancy Eileen Tucker in 1998. Also conveyed was the easement. Today, Tucker and Read own Parcel 290A; Tucker alone owns Parcel 290B.
¶ 6. Long and Henley have owned the 290 property across which the easement partly runs since 1986. In 1989, they placed crossties to mark the driveway. In 1991, they built a dog pen, planted flowers, a hedge and forty pine trees. In 1994, *1066 they built a workshop for Long to use for his carpentry. In 1995, they built a shed that includes an overhang stretching across the driveway.
¶ 7. These improvements partly encroach onto the easement. Nancy Eileen Tucker filed suit in 2001 against Long and Henley seeking to enjoin this adverse use. Loretta Read was later joined as a necessary party. The chancellor found that Long and Henley had adversely possessed a portion of the easement and that Tucker and Read were the dominant owners of the portion of the easement not adversely possessed. Tucker and Read appeal.
DISCUSSION
¶ 8. The owners of the land over which the easement runs, Long and Henley, argue that the encroachments onto the easement that they have made have occurred for a sufficient length of time — since 1986 — as to cancel the dominant estate’s interest to that part of the easement. Adverse possession may gain title to an easement and it may also terminate rights as to some part of an easement owned by another. Gee Ogletree and David Rueff, Property Ownership, in 7 Enoy. of" Miss. Law § 60:108 (Jeffrey Jackson & Mary Miller eds.2001).
¶ 9. The owners of the dominant estates, Tucker and Read, argue that Long and Henley did not adversely possess a portion of the easement. In order for land to be adversely possessed, there must be ten years of possession under certain terms. Miss.Code Ann. § 15-1-13 (Rev. 2003). Tucker and Read claim that Long and Henley’s 1996 conveyance of the easement interrupted any claim for adverse possession. The party claiming title must show ten years’ possession that is under a claim of ownership; actual or hostile; open, notorious, and visible; continuous and uninterrupted; exclusive; and peaceful. Rice v. Pritchard, 611 So.2d 869, 871 (Miss.1992).
¶ 10. The chancellor found that the purpose of the 1996 non-exclusive perpetual easement was to have access to the existing driveway. He found that this easement was not to take part of the land that Long and Henley were using and had started to use in 1989. The easement as it was described in the survey differed from how it actually was laid on the land. He found that the use of the land had not been interrupted and adverse possession had occurred of a portion of the easement “from the Northeast corner of the dog pen, to the Southeast corner of the overhang structure and thence to the three pine trees on the other side of the Southeast corner of the overhang structure.”
¶ 11. The chancellor was convinced that the grantors of the 1996 easement did not intend to eliminate their right to use any of the easement property that they were then adversely using. That is certainly plausible. However, those potential adverse users adopted a precise description of a strip of land and granted to the owners of the landlocked tracts a right to use that property as an easement. From that date forward, the grantees had the right to use the entirety of the granted easement without interference from the grantors. Whether a conveyance was with a warranty or not, the grantors part with the title that they had to the described premises. Miss.Code Ann. § 89-1-1 (Rev.1999).
¶ 12. It is certainly true that a description in a deed may not accurately reflect what parties wish to convey. If that is so, then parol evidence may be offered to show that due to mutual mistake an erroneous description was used in the deed. If the evidence of mistake is found convincing beyond a reasonable doubt, the instrument may be reformed. McCoy v. *1067 McCoy, 611 So.2d 957, 961 (Miss.1992). There has been no allegation of mutual mistake and no attempt to reform the easement description in this case.
¶ 13. Instead, the owners of the servient estate over which the easement in part runs have argued that the deed, first, was a forgery and second, that the execution of the deed did not interrupt their possession. The chancellor found that the deed had been executed by Long and Henley. We find substantial evidence to support that finding. Further, as a matter of law the conveyance of a specifically described easement interrupts the possession since it ends the claim of right as to the entirety of that easement strip. The fact that Long and Henley continued in possession at best means that a new period of possession commenced. That period, beginning at the earliest in 1996 if all the other elements such as claim of right also commenced anew, did not continue for ten years.
¶ 14. The 1996 deed by Long and Henley gave good title to the described easement. We reverse and enter judgment that the entirety of the easement as described in the deeds remains a burden on the land of Long and Henley. No decision is made here as to the part of the easement that lies on land of the individual who is not a party to this suit.
¶ 15. We remand so that the proper relief can be entered. Tucker and Read requested in their amended complaint that Long and Henley remove a building, cease obstructing the easement, and take certain other remedial measures. It is for the chancellor to determine on remand what relief is appropriate to enforce the rights of Tucker and Read to the described easement.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF LAUDER-DALE COUNTY IS REVERSED AND RENDERED AS TO TITLE AND IS REMANDED AS TO RELIEF. ALL COSTS ARE TAXED TO THE APPEL-LEES.
KING, C.J., BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.